**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| GEOSVANYS ALMIRA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02574-SHL-cgc |
| CHRISTOPHER BULLOCK, Field Office | ) | |
| Director of Enforcement and Removal | ) | |
| Operations, New Orleans Field Office, | ) | |
| Immigration and Customs Enforcement, et al., | ) | |
| Respondents. | ) | |

**ORDER DIRECTING SERVICE ON RESPONDENT, STAYING TRANSFER, AND
REQUIRING RESPONSE**

On May 20, 2026, Petitioner Geosvanys Almira filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1]  (ECF No. 1.)  Almira is originally from Cuba and entered the United States in September 2021.  (ECF No. 1 at PageID 1.)  He has resided in the United States continuously since, and was arrested by ICE in Tennessee while traveling with his wife.  (Id. at PageID 9.)  He challenges his mandatory detention without bond at the West Tennessee Detention Facility under 8 U.S.C. § 1225 as violative of the Immigration and Nationality Act and the Fifth Amendment.  (Id. at PageID 3.)  Petitioner was not given bond or a bond hearing, and alleges that Respondents' actions necessitate "immediate release."  (Id. at PageID 11.)

On May 11, 2026, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an

---

[1] The Petition has been referred to the undersigned pursuant to Administrative Order No. 2026-16 until May 25, 2026.

offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  Lopez-Campos, 2026 WL 1283891, at *13.  Petitioner invokes Lopez-Campos, arguing that his case is similar to those of the noncitizen petitioners in the consolidated cases involved there.  (ECF No. 1 at PageID 8.)

Upon review of the Petition, it is **ORDERED** as follows:

(1)    Within **five days** of this Order, Petitioner shall serve one copy each of the Petition and this Order (ECF No. 8) on the United States Attorney for the Western District of Tennessee at the following address:

> Stuart Canale, Assistant United States Attorney
> United States Attorney's Office
> 167 North Main Street
> Suite 800
> Memphis, TN 38103

Additionally, if he has not done so already, Petitioner shall send the documents listed above to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.  Failure to fully comply with these service requirements may justify dismissal of the Petition.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(2)    Within **two days** after Petitioner fully complies with the above requirements, Respondents shall respond to the Petition in writing.  If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondents opposes his release, Respondents shall either distinguish this case from Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondents shall state whether they consent to the issuance of the writ.

(3)     Petitioner may file a reply within **two business days** after Respondents'

responsive filing.

(4)     Respondents shall not transfer Petitioner out of the West Tennessee Detention

Facility during the pendency of the Petition.


**IT IS SO ORDERED,** this 22nd day of May, 2026.

<div style="margin-left:45%">

s/Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
</div>