**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| GEOSVANYS ALMIRA, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, Field Office | ) | No. 2:26-cv-02574-SHL-cgc |
| Director of Enforcement and Removal | ) | |
| Operations, New Orleans Field Office, | ) | |
| Immigration and Customs Enforcement, et al., | ) | |
|     Respondent. | ) | |

**ORDER GRANTING PETITION AND DIRECTING PETITIONER'S IMMEDIATE
RETURN TO THE WESTERN DISTRICT OF TENNESSEE**

Before the Court is Petitioner Geosvanys Almira's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed May 20, 2026. (ECF No. 1.) Almira is originally from Cuba and unlawfully entered the United States in September 2021. (Id.) He has resided in the United States continuously since, and was arrested by ICE in Tennessee while traveling with his wife. (Id. at PageID 9.) He challenges his mandatory detention without bond at the West Tennessee Detention Facility under 8 U.S.C. § 1225 as violative of the Immigration and Nationality Act and the Fifth Amendment. (Id. at PageID 3.) Petitioner seeks "immediate release." (Id. at PageID 11.) Respondents concede that the Sixth Circuit's holding in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), "controls the outcome of this matter." (ECF No. 11 at PageID 34.) Petitioner replied on May 26, stating that Respondents transferred him to the Winn Detention Center in Louisiana on Saturday, May 23 (after serving the Petition on Respondents) and arguing that he should not be required to exhaust administrative remedies, given the practice in immigration courts of denying bond hearings has been affirmed by the Fifth

Circuit.  (ECF No. 12 at PageID 37–38.)

For the reasons stated below, the Petition is **GRANTED**.  Respondents are **ORDERED** immediately to transport Almira back to the Western District of Tennessee at the Government's expense and immediately to release him therefrom.

## BACKGROUND

Petitioner is a Cuban citizen who entered the United States without immigration documentation or legal permission in September 2021.  (ECF No. 1 at PageID 8.)  Shortly thereafter, immigration officers detained him and charged him in a Notice to Appear ("NTA") "with being removable as an alien present without admission nor parole under 8 U.S.C. § 1182(a)(6)(A)(i)."  (Id. at PageID 9.)  They then released him subject to later immigration proceedings.  After release, Petitioner applied for asylum and received a work permit.  (Id.)  He resides in Nebraska with his wife, who is a United States citizen.  (Id. at PageID 1–2.)

On May 19, 2026, Petitioner and his wife were traveling in Tennessee when law enforcement executed a traffic stop.  During that stop, Immigration and Customs Enforcement ("ICE") officers arrested Petitioner.  (Id. at PageID 2.)  They then transferred Petitioner to Respondents' custody at the West Tennessee Detention Facility in Mason.

Petitioner filed the Petition on May 20, 2026.  Respondents' counsel Stuart J. Canale entered an appearance here on the same day, indicating that he had received the Petition.  (ECF No. 2.)  Unaware of any pending transfer, the Court issued the Order Directing Service on Respondent, Staying Transfer, and Requiring Response on May 22.  (ECF No. 9.)  Nonetheless, three days after the Petition was filed, and the day after the order staying Petitioner's transfer, Respondents transferred Almira out of the Western District of Tennessee to a detention facility in Louisiana.  (ECF No. 12 at PageID 37 n.1.)  On May 26, Respondents filed their response,

conceding that Lopez-Campos governs this matter, but not disclosing that Petitioner had been transferred over the past weekend.  (ECF No. 11.)

## ANALYSIS

Almira challenges his continuing detention in Respondents' custody, arguing that mandatory detention under 8 U.S.C. § 1225(b)(2) does not apply to him, and he is entitled to the bond determination provision in § 1226, because he is a "long-term" resident in the United States.  (ECF No. 1 at PageID 10.)  He argues that Respondents infringed on his liberty interest by detaining him without bond, and that his interests are particularly strong given that ICE previously released him from custody shortly after he crossed the southern border.  (Id.)  He seeks immediate release.  (Id. at PageID 11.)

Respondents concede that the Sixth Circuit's holding in Lopez-Campos, 2026 WL 1283891, "controls the outcome of this matter."  (ECF No. 11 at PageID 34.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'"  (Id. at PageID 34–35 (citing Lopez-Campos, 2026 WL 1283891, at *11).)  They have no position as to Petitioner's transfer.

Nevertheless, Respondents maintain that "the Court should require Petitioner to exhaust administrative remedies" before granting relief.  (ECF No. 11 at PageID 35.)  However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring

exhaustion is within a court's discretion); <u>Contreras-Lomeli v. Raycraft</u>, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).  And, notably, Petitioner is now subject to proceedings before immigration courts in Louisiana.  Requiring him to now exhaust administrative remedies <u>there</u>—where local immigration procedures and Fifth Circuit law on the questions presented are likely different—would be untenable, considering he filed the Petition <u>here.</u>

Respondents further contend that, "[i]n accordance with the remedy affirmed in <u>Lopez-Campos</u>, the Court should order that Petitioner be provided a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody."  (ECF No. 11 at PageID 35–36.)  But Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention."  <u>Lopez-Campos</u>, 2026 WL 1283891, at *13.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, he is entitled to immediate release.  <u>See</u> <u>Villafranca Lara v. Ladwig</u>, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Finally, the Court retains jurisdiction, despite Petitioner's transfer out of the Western District of Tennessee.  "Generally, if a district court has proper jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat habeas jurisdiction."  <u>Weiss v. Healy</u>, No. 23-CV-2074, 2024 WL 1858529, at *4 (N.D. Ohio Mar. 15, 2024), <u>R. & R. adopted,</u> No. 23-CV-2074, 2024 WL 1856545 (N.D. Ohio Apr. 29, 2024) (citing <u>White v. Lamanna</u>, 42 F. App'x 670, 671 (6th Cir. 2002)).  Further, federal Respondents have previously

4

returned habeas petitioners to this District after transferring them away during the pendency of a petition.  See, e.g. C.F.M.E. v. Minter, No. 26-cv-2269, ECF No. 17 at PageID 159 (W.D. Tenn. Mar. 25, 2026) ("Three days prior to the entry of this Order, . . . Petitioner was transferred to a detention facility in Louisiana.  However, pursuant to the Court's Order, Respondents have confirmed that Petitioner is scheduled to be transferred back to the West Tennessee Detention Facility . . . .").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**.  Respondents are **ORDERED**, at the Government's sole expense, immediately to transfer Petitioner back to the Western District of Tennessee.  Respondents are **ORDERED** to release Petitioner immediately after he is returned to this District.  Respondents are **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondents are further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.  Counsel for Respondents are **ORDERED** to attach proof to that Status Report that counsel promptly informed Respondents about this Order.  Finally, Respondents' counsel is warned, for at least the second time before the undersigned, that if "the ICE authorities with whom they coordinate are willing to" continue to "defy" court orders, the Court will impose a declaration-filing requirement requiring proof that government respondents have received orders staying a noncitizen petitioner's transfer.  See Trejo-Trejo v. Bullock v. Mayorkas, 26-cv-02452, ECF No. 12 at PageID 64–65 (W.D. Tenn. May 11, 2026).

**IT IS SO ORDERED,** this 3rd day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE