**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

GEOSVANYS ALMIRA,

Petitioner,

v.

CHRISTOPHER BULLOCK, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement,

Respondent.

No. 2:26-cv-02574-SHL-cgc

**ORDER ENJOINING RESPONDENT**

Before the Court is Respondent's Response to the Court's Order Directing Respondent to Show Cause and Petitioner's Reply to that Response. (ECF No. 23; ECF No. 24; ECF No. 27.) For the reasons stated below, the conditions placed upon Petitioner under the Intensive Supervision Appearance Program ("ISAP") are hereby **ENJOINED**.

**BACKGROUND**

From its inception, "this [case] has been colored by Immigration and Customs Enforcement's ("ICE") insistence on acting in contravention to due process, statutory law, and Sixth Circuit precedent." (ECF No. 21 at PageID 82.) On May 20, 2026, Petitioner Geosvanys Almira, a Cuban citizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his arrest by ICE and denial of a bond hearing infringed upon his constitutional right to due process. (ECF No. 1.) The Petition was granted and Respondent was ordered to return Almira to the Western District and release him immediately. (ECF No. 14.) Respondent released Almira as ordered, but almost immediately placed him in the ISAP. The ISAP involved significant restrictions on Almira's liberty, and included GPS ankle monitoring, monthly reports

to the ISAP office, restrictions on his ability to leave Tennessee without approval, and a cell phone application that tracked his location at all times. (ECF No. 21 at PageID 85.)

Almira challenged the ISAP in a Motion to Enforce the earlier order granting his habeas relief and requiring his release from custody. (ECF No. 17.) Respondent opposed the Motion. Ultimately, the Motion was granted as to the GPS ankle monitor because it effectively rendered Almira in custody. Respondent was ordered to remove the ankle monitor. Respondent was also directed to show cause why the other ISAP restrictions should not be enjoined.

Respondent now contends that the other ISAP restrictions should remain in place because ICE acted within its authority to apply conditions to Almira's release from physical custody. (ECF No. 23 at PageID 92.) Respondent asserts that the ISAP is a permissible set of conditions available under 8 U.S.C. § 1226 and 8 C.F.R. § 1226.1(c)(8). (Id. at PageID 93.) Respondent also informed the Court that Petitioner is now required to check-in via the ISAP application monthly, instead of the previous once-per-week requirement, and check in in person once every three months, instead of the previous once-per-month requirement. (ECF No. 24.)

Petitioner filed a reply in opposition to the continued ISAP conditions. (ECF No. 27.) According to Petitioner, the ISAP conditions should be enjoined because: (1) even if 8 U.S.C. § 1226 authorizes the conditions, they still violate due process; and (2) there is no proof that ICE agents actually or lawfully detained him under § 1226. (Id. at PageID 101.)

**ANALYSIS**

As Petitioner aptly notes, other courts have opined on similar issues involving ISAP restrictions. (See ECF No. 27 at PageID 102–03 (collecting cases).) One case, Jimenez v. Barnett, is particularly instructive. No. 3:26-0327, 2026 WL 1397057, at *4 (S.D. W. Va. May

19, 2026).[1] In that case, petitioners were arrested within the interior of the U.S., detained in ICE custody, and then released. Id. at *1, 4. Several conditions were placed on petitioners upon their release, including electronic monitoring and a requirement that they report for hearings. Id. at *1. Petitioners challenged the conditions, and respondents argued that conditions were appropriate under 8 U.S.C. § 1226 and 8 C.F.R. § 1226.1(c)(8). Id. at *4. The Court observed that, before arresting an individual under 8 U.S.C. § 1226, a warrant must be issued by the Attorney General. Id. Additionally, the court discussed how, prior to the imposition of release conditions, an "officer must make an evaluation of danger and risk of flight." Id. As a result, the court vacated all conditions of release placed on the petitioners. Id. at *5.

Almira's case is similar to Jimenez. Here, Almira's habeas petition was granted because he was wrongfully detained without a bond hearing under § 1225(b)(2)(A). (ECF No. 14 at PageID 46.) Like the petitioners in Jimenez, ICE unilaterally imposed conditions on Almira after he was released from custody. Respondent has not shown cause as to why Almira's ongoing ISAP restrictions should not be enjoined. Instead, Respondent hides behind a statutory scheme plainly inapplicable under the facts of Almira's case.

Respondent contends that, because § 1226 applies to Almira instead of § 1225(b)(2)(A), he is free to impose "statutorily authorized conditions." (ECF No. 23 at PageID 93.) However, before those statutorily authorized conditions can be imposed, certain requirements must be satisfied. For one, the statute applies when "a warrant [has been] issued by the Attorney General." 8 U.S.C. § 1226(a). Here, Respondent has not produced a warrant or even alleged

[1] Although this authority is not controlling, the "[t]he statutory interpretation of [the Southern District of West Virginia) surrounding the detention of undocumented immigrants . . . is consistent with . . . the Sixth Circuit Court[] of Appeal[s]." Jimenez, 2026 WL 1397057, at *4.

that one exists for Almira. Although Respondent provided documentation in an earlier filing that "[a] warrant was unable to be obtained at the time of [Almira's] encounter [with law enforcement] due to the likelihood of escape . . . with [Almira's] vehicle being readily mobile[,]" Respondent offers no explanation for why he could not obtain an arrest warrant to comply with § 1226 following Almira's initial arrest. (ECF No. 18-2 at PageID 68.) Moreover, as the Court in Jimenez observed, "in the exercise of discretion to determine if release is warranted, the officer must make an evaluation of danger and risk of flight." Jimenez, 2026 WL 1397057, at *4. Again, Respondent has not produced any evidence that an officer made an evaluation before determining the necessity of the various ISAP conditions.

There is a difference between a statute that authorizes conditions on release and one which operates as a blank check for Respondent to do as he pleases. Respondent has failed to demonstrate why continued conditions on Almira's release are warranted or even lawful. Therefore, Respondent is **ORDERED** to cease all ISAP conditions currently imposed on Petitioner. Respondent is **ORDERED** to file a status report within **three days** of this Order confirming compliance. Further, Respondent is **ENJOINED** from pursuing further ISAP restrictions without complying with the requirements outlined in 8 U.S.C. § 1226(a) and 8 C.F.R. § 1226.1.

**IT IS SO ORDERED**, this 7th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE